UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MYSTIC DAYS, LLC,<br>*Plaintiff*,<br><br>v.<br><br>CHHATRALA MYSTIC, LLC, KHERVA, LLC, and SHIVAM PATEL,<br>*Defendants*. | No. 3:19-cv-1953 (JAM) |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This case is about a real estate deal that went sour. Mystic Days, LLC rented a hotel to Chhatrala Mystic, LLC and Kherva, LLC. But soon, it claims, those companies breached the lease and defrauded it. When Mystic sued them, the companies failed to respond. So Mystic has moved for a default judgment.

I will grant the motion. Because the companies have defaulted, I may take Mystic's complaint as true. And the complaint shows that the companies are liable for breach of contract and fraud. Plus, Mystic's evidence shows that it deserves some damages—though not everything it has asked for. I will thus award Mystic a default judgment and partially grant its request for damages (without prejudice to Mystic's filing a motion for reconsideration).

**BACKGROUND**

Chhatrala owned a Day's Inn hotel in Mystic, Connecticut. In 2018, it sold the hotel to Mystic for about $6 million. According to Mystic, it bought the hotel partly because Chhatrala assured it that the property was under renovation.[1]

Though Mystic now owned the hotel, the plan was for Chhatrala (or affiliates) to keep running it. So Mystic gave Chhatrala a twenty-year lease on the property. Chhatrala then

---

[1] Doc. #17 at 4 (¶¶ 1–4).

1

assigned that lease to an affiliate, Kherva, who in turn assigned the lease to Renaissance Hotel Group, LLC. The lease allowed all these assignments. But it also said that Kherva and Chhatrala would still be liable if Renaissance breached the contract.[2]

According to Mystic, that is what happened. It claims that Renaissance stopped paying rent and that the other two companies are liable.[3] What's more, it says, they left the property in shambles: Chhatrala had never remodeled the hotel as promised, and now the property suffered from structural damage and mold problems.[4] This not only broke Chhatrala's promise, Mystic says, but also violated the lease, which required the tenant to keep the hotel "in good order, condition and repair."[5] Once Mystic discovered all this, it terminated the lease.[6]

Mystic has sued Chhatrala, Kherva, and Shivam Patel.[7] It brings three counts against Chhatrala and Kherva. Count One is for failure to pay rent. Count Two is for not maintaining the property. And Count Three, which names just Chhatrala, is for fraudulent misrepresentation about the renovation.

Chhatrala and Kherva never appeared to defend themselves. So I granted a motion for default entry against them last March.[8] Mystic has now moved for a default judgment.

## DISCUSSION

When defendants default, they "admit[ ] all well-pleaded factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir.

---

[2] *Id.* at 2–3 (¶¶ 7–16); Doc. #58-4 at 14.
[3] Doc. #17 at 3 (¶¶ 14–16).
[4] *Id.* at 5 (¶ 7).
[5] Doc. #58-4 at 6.
[6] Doc. #58-5.
[7] I have previously denied Patel's motion to dismiss for lack of personal jurisdiction. *See Mystic Days, LLC v. Chhatrala Mystic, LLC*, 2021 WL 619682 (D. Conn. 2021).
[8] Doc. #39.

2011).[9] If those allegations amount to a legal wrong, I may find the defendants liable. *Ibid*. And then I may award the damages the plaintiff can prove.

Mystic's allegations show that Chhatrala and Kherva are liable for breach of contract and that Chhatrala is liable for fraud. And it has proven $1,269,015.39 in damages. I will grant a default judgment for that amount.

### *The companies are liable*

Start with the contract claim. To recover on a contract, a plaintiff must show that it had a contract with the defendant, that it performed on the contract, that the defendant breached the contract, and that it was harmed. *See Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 87 A.3d 534, 540 (Conn. 2014).

Mystic has alleged all those elements. First, it had a contract with the defendants: it gave Chhatrala a lease, and because Chhatrala then assigned the lease to Kherva, the lease bound Kherva too.[10] Next, by letting Chhatrala and Kherva run the hotel, Mystic performed. But Chhatrala and Kherva breached the lease. They had promised to keep the hotel in good order, yet according to the complaint, the property was in disarray. The companies also breached the lease indirectly through Renaissance: Once Renaissance took over the lease, it too had to keep the hotel in good order and pay rent. But it allegedly did neither, and under the lease, Chhatrala and Kherva are liable.[11] Finally, Mystic was harmed because it had to repair the hotel and lost out on rent. So the complaint establishes a breach of contract.

Mystic has also alleged fraudulent misrepresentation. To recover for that, Mystic must show that Chhatrala knowingly lied to get it to buy the hotel and that it was duped by the lie. *See*

---

[9] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[10] Doc. #58-4 at 14.
[11] *Ibid*.

*Weisman v. Kaspar*, 661 A.2d 530, 533 (Conn. 1995). Mystic has alleged both. According to the complaint, Chhatrala lied that the hotel was under renovation. I may fairly infer that Chhatrala told this lie to trick Mystic into buying the hotel. *See Sturm v. Harb Dev., LLC*, 2 A.3d 859, 872 (Conn. 2010). And Mystic alleged that it relied on the lie. So Chhatrala is liable for fraudulent misrepresentation. On to damages.

### The companies owe $1,269,015.39

Unlike with liability, I cannot take Mystic at its word about damages. Instead, I must consider its evidence and calculate the damages afresh. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Although Mystic claims it was damaged in three ways, I will credit only two.

First, Mystic claims that the companies owe it for the cost of repairing the hotel. Mystic's evidence shows that it spent $1,099,015.39 on renovations.[12] (Mystic reports a slightly higher number, because it counts about $10,000 in legal fees. It has not explained how these fees relate to the renovation, and I will not credit them.) Because Mystic would not have needed to repair the hotel but for the breach and fraud, it may recover these costs.

Next, Mystic demands the $170,000 in rent that Renaissance owed when the lease ended. Mystic is right: the companies are liable for Renaissance's rent, and the evidence shows that the unpaid rent was $170,000.[13] So I will reward Mystic that amount.

But Mystic also asks for *future* rent: more than $10 million that it claims would be cumulatively due under the lease for 18 years from 2020 to 2038, but that it says it will not get because of the breach.[14] I will not award that on the present record.

---

[12] Doc. #58-6.
[13] Doc. #58-5 at 1.
[14] Doc. #58-1 at 2 (¶ 11).

When a defendant defaults on a lease, the damages "should place the [plaintiff] in the same position as he would have been in had the contract been fully performed." *Rokalor, Inc. v. Conn. Eating Enter., Inc.*, 558 A.2d 265, 268 (Conn. App. 1989). Now that Renaissance has breached the lease and that Mystic has terminated it, Mystic can sell or re-rent the hotel to another tenant and recoup some or much of the rent it was expecting.

A plaintiff has a basic duty to mitigate damages. *See Webster Bank, N.A. v. GFI Groton, LLC*, 116 A.3d 376, 384 (Conn. App. 2015). Although true that it is a defendant who bears the burden to prove that a plaintiff did not mitigate damages, it still seems excessive to me to assume that Mystic cannot recognize *any* revenues from the property until 2038 absent any evidence at all on the issue. *See Press v. Concord Mortg. Corp.*, 2010 WL 3199684, at *2 (S.D.N.Y. 2010) (declining to award front pay in a default judgment, even though the defendants "b[ore] the burden of showing that [the plaintiff] ha[d] failed to mitigate his damages," because "the calculation of front pay in this case would be unduly speculative"); *cf. Seaboard Stamford Inv. Assoc., Inc. v. Thinkdirectmarketing, Inc.*, 2004 WL 253498, at *2 (D. Conn. 2004) (allowing future lease payments as part of default judgment award but only where plaintiff "offered evidence of its efforts, though unsuccessful, to rent the property").

So Mystic has not proved that it needs an award of rent until 2038 to be made whole. I will not award future rent damages absent additional evidence to show why it is reasonable to suppose that Mystic will suffer damages to the full extent it claims.

## CONCLUSION

Mystic's motions for default judgment (Docs. #58, #75) are GRANTED in the amount of $1,269,015.39. The Clerk of Court shall enter judgment.

It is so ordered.

Dated at New Haven this 10th day of January 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge